# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEVEN JONES,                Case No. 1:14-cv-964
      Plaintiff,

                                Barrett, J.
    vs                      Litkovitz, M.J.

DR. AHMED, et al.,           **REPORT AND**
      Defendants.          **RECOMMENDATION**

Plaintiff, an inmate in state custody who is currently confined at the Warren Correctional Institution in Lebanon, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against Dr. Ahmed, the "Chief Medical Officer" at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, as well as the Ohio Department of Rehabilitation and Correction (ODRC). (*See* Doc. 1, at PAGEID#: 6-7). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, alleges the following facts in the complaint as support

for his cause of action under 42 U.S.C. § 1983 against the defendants:

> Plaintiff complained that he could not see clearly from his left eye.  The SOCF
> nurse placed Plaintiff on a waiting list to see an optometrist.  Following this
> complaint, the very next day, Plaintiff could not see at all from his left eye.
> Defendant Ahmed could have, and should have, sent Plaintiff on an emergency
> visit to a hospital where Plaintiff's vision could have been promptly corrected.
> However, Defendant Ahmed willfully and knowingly allowed Plaintiff to remain
> in a sight-impaired state far beyond the time persons in the free community would
> have had to wait in denying Plaintiff prompt and proper medical attention.

(Doc. 1, at PAGEID#: 7).  Plaintiff claims that the defendants violated his right under the Eighth

Amendment to be free from cruel and unusual punishment.  (*Id.*).  As relief, he requests

compensatory and punitive damages, a "declaration that the acts and/or omissions described

herein violated Plaintiff's rights under the Constitutions and laws of the United States and the

State of Ohio," and "[a]ny additional relief this court deems just, proper, and equitable." (*Id.*).

3

As an initial matter, plaintiff has failed to state an actionable claim against the ODRC because the state agency is not a "person" or legal entity that may be sued under § 1983. *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action). Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant. *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam).

Plaintiff's allegations are also insufficient to state a viable claim under § 1983 against Dr. Ahmed. In order to state a claim of cruel and unusual punishment under the Eighth Amendment based on inadequate medical care, the plaintiff must allege facts indicating that (1) he had a "serious medical need," which is something "more than 'mere discomfort or inconvenience,'" and (2) the defendants knew of and disregarded an excessive risk to the inmate's health or safety. *Flanory v. Bonn*, 604 F.3d 249, 253-54 (6th Cir. 2010) (quoting *Talal v. White*, 403 F.3d 423,

4

426 (6th Cir. 2005)). The standard has both an objective and subjective component. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Under the objective component, a medical need is "serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." *Id.* at 897 (internal citation and quotation marks omitted) (emphasis in original). In *Blackmore*, the Sixth Circuit addressed the standards to use when evaluating claims involving a delay in receiving medical treatment. The court distinguished "claims involving minor maladies or non-obvious complaints," which require the presentation of "verifying medical evidence" about the detrimental effect of the delay, from cases where "a constitutional claim for immediate or emergency medical attention" is established based on the "obviousness" of the prisoner's medical needs involving "life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem." *See id.* at 897-98 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir. 1994)).

Under the subjective component, the plaintiff must allege facts showing that prison officials had a "sufficiently culpable state of mind" in denying immediate medical care. *Id.* at 895. "Allegations of medical malpractice or negligent diagnosis or treatment fail to state an Eighth Amendment claim." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976): *see also Flanory*, 604 F.3d at 254 (quoting *Farmer*, 511 U.S. at 835) ("Deliberate indifference 'entails something more than mere negligence.'"). Instead, as the Supreme Court held in *Farmer*, to state a viable Eighth Amendment claim, the plaintiff must allege facts showing that prison officials both were "aware of facts from which the inference could be drawn that a substantial risk of serious harm

5

exists" and also drew that inference. *Farmer*, 511 U.S. at 837; *see also Blackmore*, 390 F.3d at

896. "Knowledge of the asserted serious needs or of circumstances clearly indicating the

existence of such needs, is essential to a finding of deliberate indifference." *Blackmore*, 390

F.3d at 896 (quoting *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir.

1994)). Furthermore, as the Sixth Circuit has explained, "[w]here a prisoner has received some

medical attention and the dispute is over the adequacy of the treatment, federal courts are

generally reluctant to second guess medical judgments and to constitutionalize claims which

sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Here, plaintiff's allegations are insufficient to satisfy the objective or subjective

component of an Eighth Amendment claim. Plaintiff has merely alleged that he complained to a

SOCF nurse that he was not able to "see clearly from his left eye," which led the nurse to place

him on a waiting list to see an optometrist. (*See* Doc. 1, at PAGEID#: 7). Plaintiff's vague

complaint to the nurse does not trigger concerns that would be obvious to a lay person about the

existence of either a "life-threatening" condition or a situation "where it is apparent that delay

would detrimentally exacerbate" the plaintiff's vision problem. *Cf. Blackmore,* 390 F.3d at 897-

98. Moreover, plaintiff has alleged no facts to suggest that the nurse's failure to discern that he

was in need of immediate medical attention amounted to more than mere negligence. In any

event, plaintiff has alleged no facts from which an inference can be drawn that Dr. Ahmed even

knew about the eye complaint. In the absence of any allegations suggesting that Dr. Ahmed was

deliberately indifferent to a serious medical need that required immediate emergency attention,

plaintiff has failed to state a viable claim for relief under § 1983 against SOCF's Chief Medical

Officer.

Finally, to the extent that plaintiff is alleging that Dr. Ahmed is liable in his supervisory role over the nurse who placed plaintiff on a waiting list to see an optometrist rather than ensure plaintiff received immediate treatment for his vision problem, plaintiff has not stated an actionable § 1983 claim.  It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel.  *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)).  "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate."  *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").  Plaintiff has generally asserted that Dr. Ahmed "could have, and should have, sent Plaintiff on an emergency visit to a hospital where Plaintiff's vision could have been promptly corrected" and "willfully and knowingly allowed Plaintiff to remain in a sight-impaired state far beyond the time persons in the free community would have had to wait in denying Plaintiff prompt and proper medical attention." (Doc. 1, at PAGEID#: 7).  Those conclusory assertions without any "further factual enhancement" to establish that Dr. Ahmed knew about, approved or participated in the processing of plaintiff's eye complaint are simply insufficient to state an actionable claim for relief against Dr. Ahmed in his supervisory capacity.  *See Twombly*, 550

7

U.S. at 555-57. *Cf. Wingo,* 499 F. App'x at 455 (claim against supervisory state officials for failure to enforce prison policies and failure to investigate the unprofessional conduct of correctional officers does not state a plausible claim under § 1983 absent allegations that those officials actively participated in the alleged misconduct).

Accordingly, in sum, the undersigned concludes that the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against either of the two named defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

Date: 2/17/15

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STEVEN JONES,
  Plaintiff,

  vs

DR. AHMED, et al.,
  Defendants.

Case No. 1:14-cv-964

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc