UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN JONES, | : | Case No. 1:14cv964 |
| Plaintiff, | : | District Judge Michael R. Barrett |
| | | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| DR. AHMED, et al., | : | |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court on the February 17, 2015 Report and Recommendation of the Magistrate Judge, which recommends dismissing the Complaint with prejudice following a *sua sponte* review. (Doc. 5). After being granted an extension of time, Plaintiff timely filed his Objections to the Report on April 15, 2015. (Doc. 10).

**I.    PROCEDURAL BACKGROUND/FACTS**

Plaintiff is an inmate at Warren Correctional Institution in Lebanon, Ohio. Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 4). He brings this civil rights action under 42 U.S.C. § 1983 against Dr. Ahmed, the "Chief Medical Officer" at the Southern Ohio Correctional Facility in Lucasville, Ohio, as well as the Ohio Department of Rehabilitation and Correction ("ODRC"). (*See* Doc. 1-1, PageID 6-7).

In recommending dismissal of the Complaint, the Magistrate Judge reached two primary conclusions. First, the Magistrate Judge found that Plaintiff's Complaint failed to state an actionable claim against the ODRC because the ODRC is not an entity subject to suit under U.S.C. §1983. (Doc. 5, PageID 27). Second, the Magistrate Judge found that Plaintiff's

1

Complaint failed to state a claim against Dr. Ahmed because the allegations in the Complaint were factually insufficient to satisfy the objective and subjective components of an Eighth Amendment claim for cruel and unusual punishment; Specifically, the facts did not suggest that "Dr. Ahmed was deliberately indifferent to a serious medical need that required immediate emergency attention." (Doc. 5, PageID 29).

## II. STANDARDS OF REVIEW

### A. *In Forma Pauperis*

The Prison Litigation Reform Act ("PLRA"), codified in relevant portion at 28 U.S.C. §§ 1915(e) and 1915A, requires federal district courts to screen *in forma pauperis* cases at the moment of filing and to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim for relief. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citing *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008)).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  By the same token, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

### B. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. ANALYSIS

#### A. ODRC

The Magistrate Judge found the ODRC is not a 'person' or legal entity that may be sued under § 1983 and thus, Plaintiff did not state an actionable claim. Plaintiff does not object to the Magistrate Judge's conclusion with respect to the ODRC. As such, Plaintiff's claim against the ODRC is dismissed with prejudice.

#### B. Dr. Ahmed

##### 1. Sufficiency of Plaintiff's Complaint

Plaintiff objects to the Magistrate Judge's finding that the allegations contained in his Complaint are factually insufficient. He argues that "he is not obligated to include each and every iota per *Erickson v. Pardus* (2007) S.Ct. 2197…" (Doc. 10, PageID 39). He also contends that he "was with the sincere good faith belief that his short, concise statement per *Erickson* was sufficient to file his complaint, and that he could later make appropriate amendments after discovery was taken." (*Id.* at PageID 40).

3

To state a claim for cruel and unusual punishment under the Eighth Amendment based upon inadequate or delayed medical care, a plaintiff inmate must allege facts indicating that (1) he had a "serious medical need, which is something "more than 'mere discomfort or inconvenience,'" and (2) the defendant knew of and disregarded an excessive risk to the inmate's health and safety. *Flanory v. Bonn*, 604 F.3d 249, 253-54 (6th Cir. 2010) (quoting *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005)). This amounts to a standard of "deliberate indifference" when an inmate's injury puts him at "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994) (citations omitted). This standard has both an objective and subjective component. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer,* 511 U.S. at 834).

Under the objective component, a medical need is "serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (internal citation and quotation marks omitted). Under the subjective component, a plaintiff must allege facts showing that prison officials had a "sufficiently culpable state of mind" in denying immediate medical care. *Id.* at 895. Thus, a plaintiff must allege facts showing that a prison official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and also that the official drew that inference. *Farmer*, 511 U.S. at 837; *see also Blackmore*, 390 F.3d at 896. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Blackmore*, 390 F.3d at 896 (quoting *Horn by Parks v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994)).

4

In this case, the Magistrate Judge properly found that Plaintiff's Complaint failed to state a claim; it did not satisfy either the objective component or subjective component necessary to state a claim for inadequate or delayed medical care. (Doc. 5, PageID 29). Plaintiff's Complaint alleges the following facts:

> Plaintiff complained that he could not see clearly from his left eye. The SOCF nurse placed Plaintiff on a waiting list to see an optometrist. Following this complaint, the very next day, Plaintiff could not see at all from his left eye. Defendant Ahmed could have, and should have, sent Plaintiff on an emergency visit to a hospital where Plaintiff's vision could have been promptly corrected. However, Defendant Ahmed willfully and knowingly allowed Plaintiff to remain in a sight-impaired state far beyond the time persons in the free community would have had to wait in denying Plaintiff prompt and proper medical attention.

(Doc. 1, PageID 2).

First, the Complaint does not satisfy the objective component, as it states only that Plaintiff complained to a nurse that "he could not see clearly from his left eye." (Doc. 1-1, PageID 7). This Court agrees with the Magistrate Judge that such a vague statement does not prompt concerns that would be obvious to a lay person about the existence of a life threatening situation or make it apparent that delay in medical treatment would detrimentally exacerbate Plaintiff's vision problem. (Doc. 5, PageID 29).

Plaintiff's Complaint also fails to satisfy the subjective component. Plaintiff's Complaint alleges no facts to support an inference that Dr. Ahmed had knowledge of Plaintiff's complaints of eye pain. Rather, the Complaint avers only that the nurse knew of Plaintiff's eye pain.

Consequently, the Magistrate Judge correctly determined that the Complaint fails to state a claim against Dr. Ahmed.

### 2. <u>Leave to Amend</u>

In his Objections, however, Plaintiff also requests leave to amend his Complaint to "include the specifics." (Doc. 10, PageID 40). He includes additional facts related to his claim against Dr. Ahmed. As such, the Court must determine whether Plaintiff should be granted leave to amend his Complaint.

Pursuant to Fed. R. Civ. P. 15(a), a party is permitted to amend its pleadings once as a matter of course within twenty-one days after service, after a responsive pleading (if one is required), or after a motion under Rule 12(b), (e), or (f). In all other cases, leave to amend should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a). "Whether to allow leave to amend is a decision within the discretion of the district court." *Brown v. Matauszak*, 415 Fed. App'x 608, 616 (6th Cir. 2011).

"The Sixth Circuit recently held in accordance with other circuit courts that 'under Rule 15(a), a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal' on initial screening under the Prison Litigation Reform Act." *Logue v. U.S. Marshals*, No. 1:13—cv—348, 2013 WL 3983215, *1 (S.D. Ohio Aug. 1, 2013) citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (and First, Seventh, Fifth, Eighth, Fourth and Eleventh Circuit cases cited therein). Other circuits' decisions on this issue, which have been cited favorably by the Sixth Circuit, are also instructive. For example, the Eleventh Circuit held in *Brown v. Johnson*, 387 F.3d 1344, 1348-1349 (11th Cir. 2004) that a *pro se* plaintiff granted *in forma pauperis* status had the right to amend his complaint pursuant to Fed. R. Civ. P. 15(a) after a Report and Recommendation had concluded that a *sua sponte* dismissal was proper. *See LaFountain*, 716 F.3d at 951.

6

Plaintiff attaches to his Objections the decision of the chief inspector on his grievance appeal related to the treatment he received for his eye complications. (Doc. 10-1, PageID 41). Facts contained in that decision, along with the arguments set forth in Plaintiff's Objections could possibly address the factual deficiencies in Plaintiff's Complaint. Regarding the objective component, Plaintiff alleges that after alerting Dr. Ahmed to his eye condition, he separately contacted the deputy warden. (Doc. 10, PageID 40). And upon seeing Plaintiff, the deputy warden realized "something was seriously wrong" with Plaintiff's eye and "demanded that Plaintiff be seen immediately" by the optometrist. (*Id*. at PageID 41). Moreover, that same day, he was diagnosed with retinal detachment of the left eye, sent to Ohio State University Hospital for further examination, and subsequently underwent retinal surgery. (Doc. 10-1, PageID 41). At first glance, when construing Plaintiff's Objections liberally, these facts could be sufficient to state a claim against Dr. Ahmed with respect to the objective component; assuming the deputy warden is not a doctor, the allegations, if true, suggest that Plaintiff's injury was "so obvious that even a lay person would easily recognize the necessity of a doctor's attention." *Blackmore*, 390 F.3d at 897.

Further, the additional facts also speak to the subjective component of Plaintiff's claim. While Plaintiff's Complaint fails to allege Dr. Ahmed knew about Plaintiff's eye condition, Plaintiff now argues it was Dr. Ahmed who ordered that Plaintiff be placed on the "eye doctor's list." (Doc. 10, Page ID 40; Doc. 10-1, PageID 41). For that reason, Plaintiff agues "Dr. Ahmed was certainly 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." (Doc. 10, PageID 39). Liberally construing Plaintiff's Objections, the subjective component could be satisfied—at least at the motion to dismiss stage.

Accordingly, at this stage in the proceedings, out of an abundance of caution, the Court concludes that Plaintiff should be granted leave to amend his Complaint.

## IV.     CONCLUSION

Consistent with the foregoing, Plaintiff's claim against the ODRC is **DISMISSED** with prejudice.  Plaintiff is **GRANTED** leave to amend his Complaint with respect to his claim against Dr. Ahmed.  Plaintiff's Objections (Doc. 10) are **OVERRULED** in all other respects. This matter is returned to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

    s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court