# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEVEN JONES,  
     Plaintiff,

vs.

DR. AHMED, et al.,  
     Defendants.

Case No. 1:14-cv-964

Barrett, J.  
Litkovitz, M.J.

**ORDER AND REPORT AND**  
**RECOMMENDATION**

In accordance with the Court's Order of September 20, 2016 (Doc. 12), plaintiff, an inmate in state custody who is currently confined at the Warren Correctional Institution in Lebanon, Ohio, filed his First Amended Complaint against Dr. Ahmed, the "Chief Medical Officer" at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio and the Ohio Department of Rehabilitation and Correction (ODRC). (*See* Doc. 14).[1]  This matter is before the Court for a *sua sponte* review of the First Amended Complaint to determine whether the First Amended Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Plaintiff, who is proceeding *pro se*, alleges that Dr. Ahmed was deliberately indifferent to plaintiff's serious eye condition, which resulted in the loss of sight in plaintiff's left eye.  At this stage of the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff's Eighth Amendment claim against Dr. Ahmed is deserving of further

---

[1] Plaintiff has also filed an Amended Complaint against Dr. Ahmed and the ODRC, which is identical to his First Amended Complaint.  The First Amended Complaint is the operative complaint in this matter.

development and may proceed at this juncture.  *See* 28 U.S.C. § 1915(e)(2)(B) & 1915(A)(b).

However, plaintiff's claims against the ODRC should be dismissed.  Plaintiff has failed to state an actionable claim against the ODRC because the state agency is not a "person" or legal entity that may be sued under 42 U.S.C. § 1983.  *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).  *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action).  Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant.  *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam).  Accordingly, the undersigned concludes that the First Amended Complaint against defendant ODRC should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's First Amended Complaint against defendant ODRC be **DISMISSED** with

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim

upon which relief may be granted.

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff may proceed with his First Amended Complaint against defendant Dr.

Ahmed.

2.  Within **thirty (30) days** of the date of filing of this Order, plaintiff shall submit a copy

of the First Amended Complaint and completed summons and United States Marshal forms for

defendant Ahmed so the Court may Order service of the First Amended Complaint and summons

on defendant Dr. Ahmed by the United States Marshal.  The Clerk of Court is also **DIRECTED**

to provide the plaintiff with a copy of his First Amended Complaint for the purpose of making

the service copy.

3.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel,

upon defendant's attorney(s), a copy of every further pleading or other document submitted for

consideration by the Court.  Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendant or his counsel.  Any paper received by a district judge or magistrate judge which

has not been filed with the Clerk or which fails to include a certificate of service will be

disregarded by the Court.

4.  Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.

Date: _11/14/16_

Karen L. Litkovitz
United States Magistrate Judge

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STEVEN JONES,                                    Case No. 1:14-cv-964
     Plaintiff,

                                             Barrett, J.
     vs                                   Litkovitz, M.J.

DR. AHMED, et al.,
     Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).