UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN JONES,
    Plaintiff,

vs.

DR. AHMED,
    Defendant.

Case No. 1:14-cv-964
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Richland Correctional Institution proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by Dr. Ahmed, the former Chief Medical Officer at Southern Ohio Correctional Facility ("SOCF"). This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for failure to timely effect service under Rule 4(m) (Doc. 26) and plaintiff's response in opposition (Doc. 29).

**I. Procedural History**

On December 17, 2014, plaintiff submitted his complaint and initially sued two defendants: (1) Dr. Ahmed, the former Chief Medical Officer at SOCF, and (2) the Ohio Department of Rehabilitation and Correction ("ODRC"). (*See* Doc. 1 at 1-2). On February 17, 2015, the undersigned granted plaintiff leave to proceed *in forma pauperis*. (Doc. 4). That same day, the undersigned recommended dismissal of plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted. (Doc. 5). On August 8, 2016, the Court adopted the Report and Recommendation and dismissed plaintiff's claim against ODRC; however, the Court permitted plaintiff leave to file an amended complaint as to Dr. Ahmed. (Doc. 11).

On September 20, 2016, the undersigned ordered plaintiff to file his amended complaint by October 11, 2016. (*See* Doc. 12). Plaintiff filed his amended complaint on October 6, 2016. (*See* Doc. 14 at 6). On November 14, 2016, the Court reviewed the amended complaint, determined that plaintiff could proceed on his claim against defendant, and ordered plaintiff to submit within 30 days a copy of the amended complaint, completed summons form, and U.S. Marshal form so that the Court could effectuate service of process on defendant. (Doc. 15 at 3). The Court received these documents on November 28, 2016. (*See* Nov. 28, 2016 dkt. entry). On November 30, 2016, the Court ordered the U.S. Marshal to serve defendant. (Doc. 16). An executed summons was returned, indicating that defendant was served on December 29, 2016. (Doc. 20). However, summons was later returned as unexecuted on March 21, 2017 because of an error by ODRC mailroom staff in accepting defendant's mail even though he was no longer employed by ODRC. (*See* Doc. 21). On April 6, 2017, plaintiff informed the Court of defendant's new address. (Doc. 22). On April 11, 2017, the Court ordered the U.S. Marshal to serve defendant at his new address and an executed summons was subsequently returned, indicating that defendant was served on April 24, 2017. (Docs. 23, 25).

**II. Defendant's motion to dismiss should be denied.**

Defendant moves to dismiss this case pursuant to Rule 12(b)(5) for failure to timely effect service under Rule 4(m). (Doc. 26). In support, defendant asserts that plaintiff did not serve defendant until 859 days after he filed his lawsuit, which greatly exceeded the time limit for service in Rule 4(m). (*Id.* at 2). Defendant asserts that plaintiff exceeded the time limit for service "without providing any explanation or justification for the tremendous lapse in time." (*Id.*). Further, defendant contends plaintiff has offered no good cause under Rule 4(m) which would justify the delay in service. (*Id.* at 3).

Plaintiff responds that he has diligently attempted to serve defendant and the delay resulted from actions of ODRC mail staff and the Report and Recommendation initially dismissing plaintiff's claims. (*See* Doc. 29).

Rule 12(b)(5) provides that insufficient service of process is a "defense to a claim for relief in any pleading" that may be asserted by motion. Fed. R. Civ. P. 12(b)(5). Under Rule 4, plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1] Courts have discretion in determining whether to provide an extension of time for service in the absence of a showing of "good cause." *Henderson v. U.S.*, 517 U.S. 654, 662 (1996) (citing Advisory Committee Note to Fed. R. Civ. P. 4(m) (1993)); *see also Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999) ("[T]his Court concludes that it may, in its discretion, extend the 120–day period for [plaintiff] to effect service on the Defendants, pursuant to the first clause of Rule 4(m), even absent a showing of good cause.").

Where, as here, the plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In light of plaintiff's lessened

---

[1] A 2015 amendment to Rule 4(m) reduced the time period for effecting service from 120 days to 90 days. *See* Advisory Committee Note to Fed. R. Civ. P. 4(m) (2015).

burden, the pertinent inquiry is whether plaintiff has taken "reasonable steps" to identify defendant for the Court to facilitate service.

Here, defendant's motion is not well-taken. First, defendant improperly assumes that the date plaintiff initiated this lawsuit is the appropriate date for calculating how long it took for plaintiff to serve defendant. However, given plaintiff's *in forma pauperis* status, the Court dismissed plaintiff's initial complaint and did not permit him to serve it on defendant. (*See* Docs. 5, 11). Thus, the proper date for calculating how long it took to serve defendant is the date that plaintiff filed the amended complaint, i.e., October 6, 2016. (*See* Doc. 14 at 6). Properly calculated from this date, service was perfected after 200 days, not the 859 days claimed by defendant.

Further, plaintiff is not responsible for the delay in service caused by the error of ODRC mail staff in initially accepting service on defendant's behalf even though defendant was no longer an ODRC employee. Once plaintiff learned of this mistake, he promptly provided the Court with notice of defendant's new address and service was perfected shortly thereafter.[2] (Docs. 22, 25). Most importantly, the Court finds that given plaintiff's status as a pro se prisoner proceeding *in forma pauperis*, he took "reasonable steps" to identify defendant so that the Court could effectuate service. (*See* Nov. 28, 2016 dkt. entry; Doc. 17; Doc. 22); *Byrd*, 94 F.3d at 219. Thus, plaintiff has demonstrated good cause for purposes of Rule 4(m).

---

[2] The Court also notes that because defendant was served on April 24, 2017, he was required to answer or move to dismiss by May 15, 2017. (Doc. 25); Fed. R. Civ. P. 12(a)(1)(A)(i). However, defendant did not file the instant motion to dismiss until June 7, 2017. (Doc. 26). Defendant's own failure to timely raise his argument concerning plaintiff's untimeliness robs that argument of much of its persuasive force.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss (Doc. 26) be **DENIED.**

Date: 7/27/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN JONES,
    Plaintiff,

vs.

DR. AHMED,
    Defendant.

Case No. 1:14-cv-964
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).