UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN JONES,
Plaintiff,

vs.

DR. AHMED, et al.,
Defendants.

Case No. 1:14-cv-964
Barrett, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motions to appoint counsel and expert witness (Docs. 39, 49), and motion to stay summary judgment proceedings pending determination of plaintiff's motions for appointment of counsel and expert witness or, in the alternative, motion for extension of time to respond to summary judgment motion (Doc. 50).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motions to appoint counsel (Docs. 39, 49) are **DENIED**.

Plaintiff's motion for the appointment of an expert witness pursuant to Fed. R. Evid. 706 (Doc. 49) is denied. Rule 706 does not provide for the appointment of an expert witness on

behalf of an indigent plaintiff. Nor has Congress appropriated any funds for the hiring of expert medical witnesses to support the claims of indigent civil litigants. *Baker v. Cty. of Missaukee*, No. 1:09-CV-1059, 2011 WL 4477154, at *3-4 (W.D. Mich. Sept. 26, 2011). An inmate's right of access to the courts does not entitle him to have the public fund his general litigation expenses, such as witness fees. *See Johnson v. Hubbard,* 698 F.2d 286, 288–89 (6th Cir.1983); *accord Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir.1995) (district court lacked authority to appoint an expert witness at public expense to aid indigent litigant). In addition, the appointment of an expert under Fed. R. Evid. 706 is intended "to assist the Court, not to assist a litigant in proving his or her case." *Goetz v. Thompson*, No. 3:15-CV-50, 2016 WL 347021, at *2 (E.D. Ky. Jan. 26, 2016) (citation omitted). *See also Luis v. Zang*, No. 1:12-CV-629, 2017 WL 432838, at *5-6 (S.D. Ohio Feb. 1, 2017). "Although the court has the ability to grant such relief, it requires a strong showing both that plaintiff's case is meritorious and that the appointment of a Rule 706 expert is necessary to aid the court." *Baker*, 2011 WL 4477154, at *4 (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)). As plaintiff has failed to make either showing in this case, his motion for the appointment of an expert witness is **DENIED**.

Plaintiff's motion to stay summary judgment proceedings pending determination of plaintiff's motions for appointment of counsel and expert witness (Doc. 50) is **DENIED** as moot. Plaintiff's motion for extension of time to respond to summary judgment motion (Doc. 50) is **GRANTED**. Plaintiff is granted an extension of time until **September 4, 2018** to file his

response to the motion for summary judgment.

**IT IS SO ORDERED.**

Date: 8/3/18

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge