UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN JONES,
Plaintiff

Case No. 1:14-cv-964
Barrett, J.
Litkovitz, M.J.

v.

DR. AHMED, et al.,
Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Steven Jones, an inmate at the Richland Correctional Institution proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging that defendant Dr. Ahmed[1] was deliberately indifferent to his medical needs in violation of the Eighth Amendment during the time of plaintiff's incarceration at the Southern Ohio Correctional Facility ("SOCF"). (Docs. 13, 14). This matter is before the Court on defendant's motion to strike plaintiff's second response in opposition to defendant's motion for summary judgment (Doc. 56) and plaintiff's response in opposition (Doc. 57). This matter is also before the Court on defendant's motion for summary judgment (Doc. 47), plaintiff's response in opposition (Doc. 52), and defendant's reply memorandum (Doc. 54).

**I. Motion to Strike (Doc. 56)**

Defendant moves to strike plaintiff's supplemental memorandum (Doc. 55) filed in response to his reply memorandum. (Doc. 56).

---

[1] On November 14, 2016, the undersigned dismissed plaintiff's first amended complaint against defendant Ohio Department of Rehabilitation and Correction with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. (Doc. 15). On December 6, 2016, the District Judge adopted the Report and Recommendation. (Doc. 18). Therefore, Dr. Ahmed is the only remaining defendant in this case.

Motions to strike are governed by Rule 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Local Rules for the Southern District of Ohio provide:

> Opposing and Reply Memoranda. Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees. Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition. *No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown.*

S.D. Ohio Local Civil Rule 7.2(a)(2) (emphasis added). Plaintiff has neither sought leave of court nor shown good cause for the filing of his supplemental memorandum in response to defendant's reply. Accordingly, defendant's motion to strike (Doc. 56) is **GRANTED** and plaintiff's memorandum (Doc. 55) shall be **STRICKEN** from the docket of this Court.

## II. Facts on Summary Judgment

On February 26, 2014, plaintiff informed SOCF medical staff that he was experiencing a vision impairment in his left eye that resulted in severe pain and suffering. (Verified Amended Complaint, Doc. 14 at ¶ 7). Plaintiff had a follow-up visit with a nurse practitioner the next day where he complained that his eye condition had worsened to the point of total blindness in his left eye. (*Id.* at ¶ 8). Plaintiff states that he told a "shift captain" that he was blind in his left eye and the shift captain had immediately referred him to see the nurse practitioner. (*Id.*).

The nurse practitioner examined plaintiff and suspected that plaintiff had a retinal detachment. The nurse practitioner contacted defendant Dr. Ahmed, the Chief Medical Officer at SOCF, to determine the appropriate course of action and completed a consultation request for optometry. (Docs. 47-4 at 2; 47-6 at 2; Doc. 47-7 at 2). Based on the information received from the nurse practitioner, Dr. Ahmed determined that the suspected retinal detachment was not

2

urgent and instructed the nurse practitioner to complete the optometrist referral request. (Declaration of Dr. Ahmed, Doc. 47-1 at ¶¶ 5, 6, 8). Plaintiff, however, states that the nurse practitioner recommended to Dr. Ahmed that he immediately be sent to urgent care at the Ohio State University Hospital ("OSU") and that Dr. Ahmed overruled the nurse practitioner's recommendation and instead instructed the nurse practitioner to place plaintiff on the list to see the rotating prison optometrist, Dr. Jared Shoemaker. (Verified Amended Complaint, Doc. 14 at ¶ 8). In the meantime, plaintiff alleges that a deputy warden at SOCF sensed an urgency and called Dr. Shoemaker directly to examine plaintiff's eye, even though Dr. Shoemaker only holds appointments at SOCF every thirty days. (*Id.* at ¶ 9). However, defendant disputes this fact and contends that Deputy Warden Cadogan, the Deputy Warden of Special Services at the time, never made an emergency call to Dr. Shoemaker. (Ahmed Declaration, Doc. 47-1 at ¶ 7; Declaration of Dr. Shoemaker, Doc. 47-2 at ¶ 11; Declaration of Anthony Cadogan, Doc. 47-11 at ¶ 7).

Plaintiff had an appointment with Dr. Shoemaker, the rotating prison optometrist, on March 7, 2014. (Shoemaker Declaration, Doc. 47-2 at ¶¶ 3, 4, 6). Upon examining plaintiff, Dr. Shoemaker suspected that plaintiff's macula was detached. (*Id.* at ¶ 12). Plaintiff's drooping upper retina would not allow Dr. Shoemaker to confirm whether plaintiff's macula was off; therefore, he immediately referred plaintiff to OSU for further examination out of caution rather than urgency. (*Id.* at ¶¶ 12-13; Doc. 47-8 at 2). The OSU emergency ophthalmology examination findings revealed: "left eye retinal detachment—superiorly which is drooping down and obstructing view of posterior pole. Likely macula off—but not viewable." (Doc. 47-8 at 2). The discharge instructions from OSU stated: "Please return to [Emergency Department] if symptoms worsen. Ophthalmology will call the prison case manager for scheduling of your

3

surgery." (*Id.* at 3). Eleven days later, on March 18, 2014, plaintiff underwent retinal detachment surgery of the left eye. (*Id.* at 15).

Based on these facts, plaintiff brings an Eighth Amendment deliberate indifference claim against Dr. Ahmed, alleging that a delay in treatment of his eye and Dr. Ahmed's decision not to immediately transfer him to OSU caused him to "experience pain and suffering and remain sight-impaired for an extended period of time." (Verified Amended Complaint at ¶ 10).

### III. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Matson v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Matson*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs. Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### IV. Resolution

**A. Plaintiff's Request for Additional Discovery Pursuant to Fed. R. Civ. P. 56(d)[2]**

---

[2] While plaintiff requests further discovery pursuant to Fed R. Civ. P. 56(f), the Court notes that the proper rule is Fed. R. Civ. P. 56(d).

5

Plaintiff requests leave to conduct additional discovery to respond to defendant's motion for summary judgment. Plaintiff seeks to discover the name of and a declaration from the OSU physician who confirmed that his macula was detached. (Doc. 52 at 8).

Rule 56(d)[3] governs the procedures to be followed when a party alleges additional discovery is necessary to respond to a motion for summary judgment:

> The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3d Cir. 1989)). A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in the supporting affidavit or declaration] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered,'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)). The importance of complying with Rule 56(d) cannot be over-emphasized. *See Cacevic*, 226 F.3d at 488. Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

*Bloodworth v. Timmerman-Cooper*, No. 2:10-cv-1121, 2013 WL 950931, at *1 (S.D. Ohio Mar. 12, 2013).

The Court finds that plaintiff has failed to justify a further delay in this case to obtain discovery related to the name of the OSU physician. It is not clear to the Court how discovery of the name of or a declaration from this physician is relevant to plaintiff's Eighth Amendment

---

[3] Rule 56(d) provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

claim that Dr. Ahmed unnecessarily delayed medical treatment for his detached retina. Accordingly, plaintiff's request for additional discovery pursuant to Fed. R. Civ. P. 56(d) is **DENIED**.

### B. Plaintiff's Request for Counsel and an Expert Witness

Plaintiff asserts that he is unable to properly defend against defendant's summary judgment motion without the assistance of counsel and an expert witness. (Doc. 52 at 1). For the reasons previously stated by this Court on August 3, 2018, no exceptional circumstances exist to justify an appointment of counsel in this case. (Doc. 51 at 1). In addition, plaintiff has made no showing that his case is meritorious and that the appointment of a Rule 706 expert is necessary to aid the Court in resolving the instant motion for summary judgment. (*Id.* at 2). Accordingly, plaintiff's motions for appointment of counsel and expert witness are again **DENIED**.

### C. Claims brought against Dr. Ahmed in his official capacity

To the extent plaintiff sues Dr. Ahmed in his official capacity, Dr. Ahmed is entitled to summary judgment on plaintiff's claims. The Eleventh Amendment bars a federal court from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Edelman v. Jordan*, 415 U.S. 651 (1974). Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Quern v. Jordan*, 440 U.S. 332, 340 (1979). Further, the State of Ohio has not waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985). A suit against defendants in their official capacity would, in reality, be a way of pleading the action against the entity of which defendants are agents, i.e., the State of

7

Ohio. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacity are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, defendants in their official capacities are immune from a suit for damages under the Eleventh Amendment. *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011). *See also Thiokol Corp. v. Dept. of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993) (noting that the Eleventh Amendment "also bars suits for monetary relief against state officials sued in their official capacity"). Accordingly, plaintiff's damages claim against Dr. Ahmed in his official capacity should be dismissed.

### D. Eighth Amendment deliberate indifference to medical needs claim

Dr. Ahmed moves for summary judgment on plaintiff's Eighth Amendment deliberate indifference to medical needs claim. (Doc. 47 at 11). Dr. Ahmed argues that the facts fail to demonstrate deliberate indifference because once he learned of plaintiff's symptoms of retinal detachment, he referred plaintiff to an optometrist one week later. (*Id.* at 11, 14-15). After optometrist Dr. Shoemaker then referred plaintiff to OSU, Dr. Ahmed notes that the OSU medical department did not find immediate surgical intervention necessary and instead scheduled plaintiff for eye surgery eleven days later. (*Id.*). In support of his motion for summary judgment, Dr. Ahmed has submitted medical records from SOCF and OSU and his own declaration, as well as the declaration of Dr. Shoemaker, to demonstrate that he followed a proper course of medical treatment. (Doc. 47) (Exhibits 1-10).

In response, plaintiff argues that he has established a genuine issue of material fact as to whether Dr. Ahmed knew of and disregarded an excessive risk of harm to his eye. (Doc. 52 at 5). Plaintiff argues that Dr. Ahmed diagnosed his macula as detached and purposely delayed further treatment, which caused him to lose sight in his eye. (*Id.* at 6). Plaintiff contends that Dr.

8

Ahmed never examined him in order to make an adequate determination on his detached macula and disregarded a risk of harm to him. (*Id.* at 7). In support, plaintiff has submitted his own declaration, as well as the declarations of Drs. Ahmed and Shoemaker submitted by defendants. (Doc. 52 at 11-16). In addition, plaintiff affirms under "penalty of perjury" to the truth of the contents of his amended complaint. (Doc. 14). Accordingly, plaintiff's verified amended complaint constitutes evidence in opposition to defendant's motion for summary judgment. *See Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992); *see also El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (a "verified complaint . . . carries the same weight as would an affidavit for purposes of summary judgment") (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

In reply, Dr. Ahmed states that plaintiff has established no more than mere delay in medical care or a difference of opinion over proper medical treatment, both of which are insufficient to constitute an Eighth Amendment violation. (Doc. 54 at 14).

The Sixth Circuit has analyzed prisoner claims for failure to provide adequate medical care under the Eighth Amendment deliberate indifference standard. *Wicker v. Lawless*, 278 F. Supp.3d 989, 1004 (S.D. Ohio 2017). A deliberate indifference claim under the Eighth Amendment has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001). The objective component requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in providing inadequate medical care. *Farmer*, 511 U.S. at 834. "A doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference." *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison*, 539 F.3d at 518). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). In sum, to prove the subjective component, the plaintiff must show that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 837.

Courts are reluctant to second guess medical judgments in cases involving inadequate medical treatment. *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018). An inmate's "'disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation.'" *Rhinehart*, 894 F.3d at 740 (quoting *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008) (in turn citing *Estelle*, 429 U.S. at 107)). Rather, the plaintiff must present evidence from which a reasonable jury could find that a prison official "consciously expos[ed] the patient to an excessive risk of serious harm." *Id.* at 738-39.

In this case, plaintiff has failed to produce evidence to show there is a genuine issue of material fact on his Eighth Amendment claim against Dr. Ahmed for deliberate indifference to his eye condition. As an initial matter, in claims involving a prison's failure to treat a condition

adequately, "medical proof is necessary to assess whether the delay caused a serious medical injury." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Blackmore*, 390 F.3d at 898). In order to satisfy the objective component of an Eighth Amendment deliberate indifference claim, a prisoner must provide "verifying medical evidence of the detrimental effect of the delay." *Id.* Plaintiff has failed to present this evidence.

Instead, plaintiff relies on the declaration of Dr. Shoemaker to argue that immediate surgery was necessary and the delay in treatment caused him to lose sight in his eye. (*See* Doc. 52 at 5-6) (citing Shoemaker Declaration, Doc. 47-2 at ¶ 10). However, Dr. Shoemaker's declaration establishes the opposite: whether surgery is immediately necessary is determined by the condition of the macula. Regardless of whether the macula is attached or detached, treatment of the condition within a few months is medically acceptable in the ophthalmological world. (*See* Shoemaker Declaration, Doc. 47-2 at ¶ 10). Dr. Shoemaker states, "If the macula is still attached, surgeons would prefer to operate promptly thereby increasing the likelihood of maintaining the health of the [sic] keeping the macula." (*Id.*). Dr. Shoemaker opines that based on plaintiff's medical records and symptoms, plaintiff's macula was already off when Dr. Ahmed made the decision to refer plaintiff to an optometrist. (*Id.* at ¶ 19). As a result, "it would not have made any real difference in the medical condition or treatment of [plaintiff] were Dr. Ahmed to have transferred [plaintiff] to the OSU hospital on February 27, 2014." (*Id.*). Plaintiff has not presented any verifying medical evidence establishing a genuine issue of fact as to whether any delay in treatment caused his eye condition to worsen or deteriorate between his initial examination on February 27, 2014 and his surgery on March 18, 2014.

Even assuming that plaintiff could provide the necessary medical proof to satisfy the objective component of his Eighth Amendment claim against Dr. Ahmed, the record evidence

establishes that, as a matter of law, plaintiff has failed to satisfy the subjective component of his Eighth Amendment deliberate indifference claim. The evidence proffered by Dr. Ahmed overwhelmingly demonstrates that Dr. Ahmed pursued an appropriate course of treatment and was not deliberately indifferent to plaintiff's eye condition. Upon consulting with the treating nurse practitioner, Dr. Ahmed determined that plaintiff's suspected retinal detachment was non-urgent and instead referred plaintiff for a consultation with Dr. Shoemaker. (Ahmed Declaration, Doc. 47-1 at ¶¶ 5, 6, 8). Dr. Shoemaker, suspecting that plaintiff's macula was detached, referred plaintiff to OSU so that a diagnosis could be verified and a treatment method could be developed. (Shoemaker Declaration, Doc. 47-2 at ¶ 13, Doc. 47-8 at 2). OSU medical staff confirmed the retinal detachment and determined that emergency surgery was not necessary, instead scheduling plaintiff for surgery eleven days later, on March 18, 2014. (Doc. 47-8 at 15). Between plaintiff's initial examination on February 27, 2014 and his surgery on March 18, 2014, SOCF medical records establish that plaintiff did not voice any pain, distress, or concerns that his eye condition had worsened. (Docs. 47-6 at 1-4, 47-7 at 1-2, 27-9 at 3).

Plaintiff has failed to present evidence creating a genuine issue of fact as to whether Defendant Ahmed was deliberately indifferent to his need for treatment for his retinal detachment. Instead, the allegations contained in plaintiff's verified amended complaint and declaration (Docs. 14, 52 at 11) amount to no more than a difference of opinion as to the appropriateness and timing of the treatment pursued by Dr. Ahmed, as well as Dr. Ahmed's conclusion that plaintiff's suspected retinal detachment was a non-emergency situation. A doctor's failure to provide a specific treatment does not establish a constitutional claim of deliberate indifference. *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008). As stated above, the record shows that upon receiving information from the nurse practitioner, Dr. Ahmed,

12

based on his medical knowledge and training, determined that the appropriate course of treatment was to refer plaintiff to Dr. Shoemaker. (Ahmed Declaration, Doc. 47-1 at ¶¶ 6, 8).

Nevertheless, plaintiff alleges that Dr. Ahmed inappropriately overruled the recommendation of the nurse practitioner to send plaintiff to urgent care at OSU and never personally examined him to determine whether his retina was attached or detached. Plaintiff also alleges that a deputy warden at SOCF subsequently deemed plaintiff's retinal detachment to be an urgent situation and immediately contacted Dr. Shoemaker. Even accepting these facts as true for purposes of summary judgment, plaintiff's claim would amount to no more than a difference of opinion with Dr. Ahmed over the appropriate course of medical treatment, which is insufficient to establish an Eighth Amendment violation. *See Broyles v. Corr. Med. Servs, Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (prisoner's disagreement with prison nurse's determination that his eye condition, which was eventually diagnosed as a retinal detachment, was non-emergent was insufficient to establish Eighth Amendment deliberate indifference). Accordingly, because the evidence establishes that Dr. Ahmed was not deliberately indifferent to plaintiff's medical needs and instead responded appropriately to plaintiff's detached retina, summary judgment should be granted in favor of Dr. Ahmed.[4]

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (Doc. 47) be **GRANTED**.

---

[4] Dr. Ahmed also argues that he is entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Court need not address whether Dr. Ahmed is entitled to qualified immunity because the record shows there is no genuine dispute of material fact as to whether Dr. Ahmed violated plaintiff's Eighth Amendment rights and therefore, as a matter of law, Dr. Ahmed is entitled to summary judgment.

13

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to strike (Doc. 56) is **GRANTED.**

2. Plaintiff's motions for appointment of counsel and expert witness (Doc. 52) are **DENIED**.

3. Plaintiff's request for additional discovery pursuant to Fed. R. Civ. P. 56(d) (Doc. 52) is **DENIED**.

Date: 2/14/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STEVEN JONES,
    Plaintiff

v.

DR. AHMED, et al.,
    Defendants.

Case No. 1:14-cv-964
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).