**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Steven Jones,

    Plaintiff,

  v.

Dr. Ahmed, et al.,

    Defendants.

Case No. 1:14-cv-00964

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's February 14, 2019 Order and Report and Recommendation ("R&R") which (1) ordered that Defendant's Motion to Strike Plaintiff's Second Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 56) be granted; Plaintiff's Motion for Appointment of Counsel and Expert Witness (Doc. 52) be denied; and Plaintiff's request for additional discovery (*id.*) be denied and (2) recommended that Defendant's Motion for Summary Judgment (Doc. 47) be granted. (Doc. 58).

Proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Plaintiff filed timely objections (Docs. 59, 60)[1] and Defendant filed a response thereto (Doc. 61). The Magistrate Judge completed a comprehensive review of the record and

---

[1] These filings are identical, Plaintiff filed them on the same date, and the Court will reference (Doc. 60) as Plaintiff's objections.

the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## STANDARDS OF REVIEW

When objections to an order of a magistrate judge are received on non-dispositive matters, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

When objections are received to a magistrate judge's R&R on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b). After that review, "[t]he district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## NON-DISPOSITIVE MATTERS

Beginning with Plaintiff's objections to the Magistrate Judge's Order denying his non-dispositive motions (Docs. 52, 55), the Court concludes that the Magistrate Judge's Orders (Doc. 60) are not clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a).

Plaintiff first asserts that the Magistrate Judge erred in applying Local Rule 7.2(a)(2) when striking his filing titled "Plaintiff's Second Response in Opposition to Defendant's Motion for Summary Judgment; Written Objections Included," (Doc. 56) as Local Rule 7/2(a)(1) is not applicable, as his filing is a written objection and not a memorandum. (Doc. 60 at PageID 333-35). He then lists objections he raised in that filing (Doc. 55) and in "Plaintiff's Objection and Response to Defendant's Motion to Strike Plaintiff's Second Opposition to the Defendant's Motion for Summary Judgment" (Doc.

57) which he contends the Magistrate Judge failed to consider. (Doc. 60 at PageID 333-35). However, aside from summarily asserting that his filing (Doc. 55) is not a supplemental memorandum in response to Defendant's Motion for Summary Judgment—and despite his characterization of it as exactly that in his later filing (Doc. 57)—as contemplated by Local Rule 7.2(a)(2), he provides no analysis for his assertion. Although the Court can liberally interpret Plaintiff's objections, it will not manufacture arguments on his behalf. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). More importantly, a review of that document reveals that it is, indeed, an improperly filed second responsive memorandum to Defendant's Motion for Summary Judgment such that the Magistrate Judge did not err in granting Defendant's Motion to Strike (Doc. 56) it or in not considering Plaintiff's arguments in that document or in his response to Defendant's Motion to Strike (Docs. 55, 57).

Second, Plaintiff argues that the Magistrate Judge erred in holding that he failed to establish that additional discovery was warranted under Federal Rule of Civil Procedure 56(d). (Doc. 60 at PageID 335). The Magistrate Judge found that it was not clear how the discovery of the name of, or a declaration from, the Ohio State University Hospital ("OSU") "physician who confirmed that [Plaintiff's] macula was detached" would further assist his Eighth Amendment Claim. (Doc. 58 at PageID 315-16). Despite the Magistrate Judge's description of the OSU physician as "the physician who confirmed that [Plaintiff's] macula was detached" (*id.*), Plaintiff confusingly objects that "[t]he Magistrate Judge continues to argue the detached retina" and criticizes the Magistrate Judge for confusing the importance of a detached macula versus a detached retina (Doc. 60 at PageID 335). Regardless, the Court agrees that Plaintiff fails to meet his burden under

3

Federal Rule of Civil Procedure 56(d), as he asserts only general and conclusory statements regarding his requested discovery versus substantive explanations for what he hopes to uncover and why that information would assist his claim. *See Unan v. Lyon*, 853 F.3d 279, 292-93 (6th Cir. 2017) (Holding that, pursuant to Rule 56(d), the nonmovant must indicate its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information) (internal citations omitted).

Plaintiff next objects that the Magistrate Judge erred in denying his renewed request for an appointment of counsel and an expert witness. (Doc. 60 at PageID 335). However, he merely restates his argument presented in his Motion (Doc. 52) and the Court finds that his objection constitutes mere disagreements with the Magistrate Judge's order and she did not error. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (Explaining that general disagreements with the Magistrate Judge fall short of Plaintiff's obligation to make specific objections to an R&R); *see also Aldrich v. Bock*, 32 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

## DISPOSITIVE MATTER

Turning to Plaintiff's objections to the Magistrate Judge's recommendation that Defendant's Motion for Summary Judgment be granted, after a de novo review of the filings in this matter, the Court agrees.

Plaintiff first objects to the Magistrate Judge's reliance on *Santiago v. Ringle*, 734 F.34 F.3d 585 (6th Cir. 2013), and assertion that Plaintiff failed to produce medical

4

evidence verifying the detrimental effect of the delay in treatment with respect to the objective component of his Eighth Amendment claim. (Doc. 60 at PageID 336); *see* (Doc. 58 at PageID 320-21). He appears to argue that he has no responsibility to produce such evidence, as the need for his medical care was obvious and Dr. Shoemaker's declaration supports this argument. (*Id.* at PageID 336-37) (relying on *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005)). However, Plaintiff merely recites boilerplate caselaw and relies on a portion of Dr. Shoemaker's declaration which the Magistrate Judge found establishes the opposite of what Plaintiff argues. *Compare* (Doc. 58 at PageID 320), *with* (Doc. 60 at PageID 336-37). The Court finds this objection to be repetitive, general, and unpersuasive. *See Howard*, 932 F.2d at 509; *see also Aldrich*, 32 F.Supp.2d at 747.

Plaintiff next objects that the Magistrate Judge erred when, in her summary of the facts, she allegedly stated that "Dr. Shoemaker opines that . . . plaintiff's macula was already off when Dr. Ahmed made the decision to refer plaintiff to an optometrist," when Dr. Shoemaker actually stated that he "indicated that the macula was likel[y] off but not reviewable." (Doc. 60 at PageID 337). However, the Magistrate Judge, in her summary of the facts, stated that, "[u]pon examining plaintiff, Dr. Shoemaker *suspected* that plaintiff's macula was detached" and that "Plaintiff's drooping upper retina *would not allow Dr. Shoemaker to confirm* whether plaintiff's macula was off" and, therefore, Dr. Shoemaker "immediately referred plaintiff to OSU for further examination *out of caution rather than urgency.*" (Doc. 58 at PageID 313) (emphasis added). The Court is not persuaded by Plaintiff's characterization of the Magistrate Judge's summary of the facts.

Plaintiff next contends that the Magistrate Judge erred in finding that Plaintiff failed to satisfy the subjective component of his Eighth Amendment claim, as he has "placed

5

evidence into the record" that "Dr. Ahmed did not follow the proper course of treatment because he delayed that treatment." (Doc. 60 at PageID 337-38). However, the Magistrate Judge found that, "[e]ven accepting [Plaintiff's asserted] facts as true for purpose of summary judgment, plaintiff's claim would amount to no more than a different of opinion with Dr. Ahmed over the appropriate course of medical treatment, which is insufficient to establish an Eighth Amendment violation." (Doc. 58 at PageID 322) (citing *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 976 (6th Cir. 2012)). Plaintiff's objection does not address this finding and the Court is not persuaded that the Magistrate Judge erred in her Eighth Amendment subjective component analysis.

Plaintiff further argues that the Court must deny Defendant's Motion for Summary Judgment until the Magistrate Judge addresses his assertions, raised in his Response to Defendant's Motion for Summary Judgment (Doc. 52), that Dr. Ahmed's declaration and Dr. Shoemaker's declarations contain false statements and hearsay. (Doc. 60 at PageID 338). A review of Dr. Ahmed's declaration reveals that he stated that he examined Plaintiff's medical records, and did not state that he examined Plaintiff's eye, and his concession that he received information regarding Plaintiff's condition from the nurse practitioner. (Doc. 47-1). Plaintiff provides no analysis for his argument that Dr. Ahmed's conversation with the nurse practitioner is inadmissible hearsay. (Doc. 60 at PageID 338). The Court is not persuaded that Dr. Ahmed's declaration contains a false statement or hearsay. To the extent Plaintiff faults Dr. Shoemaker's declaration for failing to "provide the name, statement, declaration or documentation evidence attesting to the [OSU's physicians statement regarding his] macula being detached" and contains inadmissible hearsay (Doc. 60 at PageID 338), a review of that declaration does not confirm Plaintiff's

6

characterization of it and he again provides no analysis for his blanket assertion that Dr. Shoemaker's statements constitute hearsay (Doc. 47-2). Accordingly, the Court is not persuaded by Plaintiff's arguments regarding Dr. Ahmed's and Dr. Shoemaker's declarations.

Finally, to the extent that Plaintiff objects that he has shown genuine issues of material fact such that summary judgment is inappropriate (Doc. 60 at PageID 339), the Court finds his arguments to be either repetitive of some of his failed arguments discussed above or general in nature and unpersuasive, *see Howard*, 932 F.2d at 509; *see also Aldrich*, 32 F.Supp.2d at 747. In sum, the Court is not convinced by Plaintiff's objections and will not disturb the Magistrate Judge's recommendation that Summary Judgment in Defendant's favor is warranted.

## CONCLUSION

Based on the foregoing, the Court hereby **OVERRULES** Plaintiff's objections (Doc. 60) and **ADOPTS in full** the Magistrate Judge's February 14, 2019 R&R (Doc. 58). Accordingly, Defendant's Motion for Summary Judgment (Doc. 47) is **GRANTED**, this case is **DISMISSED**, and the matter shall be **CLOSED and TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**   _s/ Michael R. Barrett_____
Hon. Michael R. Barrett
United States District Judge